UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSÉ NÚÑEZ-RODRÍGUEZ,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 09-2086 (JAF)

(Crim. No. 94-176)

**OPINION AND ORDER**

Petitioner brings this pro-se petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence was imposed in violation of his rights under federal law. (Docket No. 1.)  Respondent opposes (Docket No. 5), and Petitioner replies (Docket No. 6).

**I.**

**Background**

In 1995, Petitioner pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119, and to the use of a firearm during a crime of violence, in violation of § 924(c).  (Docket No. 1.) Following a remand for resentencing, United States v. Núñez-Rodríguez (Núñez I), 92 F.3d 14 (1st Cir.1996), we sentenced Petitioner to 420 months in prison. (Docket No. 1)  This sentence was affirmed on appeal.  United States v. Núñez-Rodríguez (Núñez II), No. 97-1669, 1998 WL 168897 (1st Cir. Apr. 7, 1998).

After Petitioner's indictment, but before he pleaded guilty, Petitioner sought a finding that he was incompetent to stand trial.  (Docket No. 1-2 at 3.)  Following an evaluation,

Civil No. 09-2086 (JAF) -2-

Petitioner was found competent to stand trial. (Id. at 3.) Petitioner suggests that he pleaded guilty because of that finding. (See id. at 7.) While serving his sentence, Petitioner was charged with attempting, in 2007, to kill a federal correctional officer. (Id. at 4-6.) Following a mental evaluation, he was found incompetent to stand trial for that charge. (Id. at 4.) Upon treatment with antipsychotic medication, however, Petitioner's competency to stand trial was restored. (Docket No. 1-3 at 16.) The judge then ordered an evaluation as to whether Petitioner was competent at the time of the offense;[1] this second evaluation revealed that he was legally insane when he committed the offense. (Docket No. 1-2 at 4.) Petitioner and the government then completed a stipulation, wherein Petitioner "knowingly, freely and voluntarily" waived his right to a jury trial, agreeing to a finding of not guilty by reason of insanity. (Docket No. 1-3 at 13-17.)

Petitioner submits this most recent mental evaluation—finding him legally insane at the time of the 2007 offense—for our review. (Id. at 3-11.) The evaluation diagnoses Petitioner with "Schizophrenia, Paranoid Type 295.30" (id. at 9) and suggests that a patient diagnosed with same can be restored to legal competency through "treatment with antipsychotic medication" (id. at 3). It also suggests that Petitioner's attack on the federal correctional officer was precipitated by Petitioner's having "not received antipsychotic medication [for his schizophrenia] for approximately two years" prior. (Id. at 9.) The evaluation also reports that there was evidence of "a probable worsening of psychotic symptoms prior to the assaultive

---

[1] Petitioner mistakenly asserts that this second evaluation was a "rejection" of the prior evaluation finding him competent to stand trial. (See, e.g., Docket No. 1-2 at 6.)

Civil No. 09-2086 (JAF) -3-

behavior." (Id. at 10.) Nothing in the evaluation states that Petitioner's mental state in 2009—variable as the evaluation suggests it to be— relates to his mental state in 1995.

As to his mental state in 1995, Petitioner submits the letter opining that Petitioner was competent both to stand trial in 1995 and at the time of the commission of the carjacking. (Id. at 22.) He also attaches the underlying 1995 psychiatric evaluation, which diagnosed him with "295.15 Schizophrenia, disorganized type, in remission." (Id. at 23-25.) Petitioner also "incorporate[s] . . . by reference" the factual summary set forth by the First Circuit in its opinion remanding for resentencing (Docket No. 1-2 at 15), which noted that "various psychiatric evaluations of [Petitioner] following his arrest concluded that he did not suffer from any abnormal mental disease or defect on the date of his carjacking, and that he was capable of appreciating the consequences of his actions," Núñez I, 92 F.3d at 25 n.13.

## II.

### Standard for Relief Under 28 U.S.C. § 2255

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. The petitioner is entitled to an evidentiary hearing unless the "allegations, accepted as true, would not entitle the petitioner to relief, or . . . 'are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" United States v. Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

Civil No. 09-2086 (JAF)                                                                                          -4-

## III.

## Analysis

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts that his conviction is unconstitutional because (1) he was incompetent to plead guilty in 1995 (Docket No. 1-2 at 7-9);[2] and (2) his counsel was ineffective, in "failing to investigate and to uncover available evidence which would have refuted" the finding that he was competent both to plead guilty and at the commission of the offense (id. at 9-11).[3] Petitioner also claims that he is actually innocent (id. at 11-13) and that he is entitled to an evidentiary hearing as to his various claims (id. at 13).[4] Respondent, in turn, argues that Petitioner's claims are time barred and that no evidentiary hearing is in order. (Docket No. 5.)

---

[2] When a defendant is incompetent to stand trial, acceptance of that defendant's guilty plea violates his right to due process. See United States v. Giron-Reyes, 234 F.3d 78, 80 (1st Cir. 2000). Respondent argues that, because Petitioner did not challenge the voluntariness of his plea on direct appeal, we may not consider this claim. (See Docket No. 5 at at 9.) We need not resolve this issue, however, as we determine below that the instant petition is time barred.

[3] The Sixth Amendment "right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (internal quotation marks omitted); see U.S. Const. amend. VI.

[4] Petitioner also claims that the erroneous finding as to his competence "coerced" him into a guilty plea. (Docket No. 1-2 at 7.) An allegation of factual error is not an allegation of coercion; Petitioner would have had to allege, for example, that the mental-health examiners intentionally reported him competent in an effort to force his plea. Absent any such claim, we construe this as an allegation that merely goes to the prejudice prong of the Strickland analysis. See 466 U.S. at 686-96. Specifically, we deem it an allegation that, had he known given effective assistance of counsel that he was incompetent to stand trial, Petitioner would not have pleaded guilty.

Civil No. 09-2086 (JAF) -5-

The statute of limitations on the instant petition began to run on the later of two dates: One year from when Petitioner's judgment of conviction became final, § 2255(f)(1), or one year from "the date on which the facts supporting the claim or claims presented [herein] could have been discovered through the exercise of due diligence," § 2255(f)(4). No one claims that his petition is timely under § 2255(f)(1); rather, Petitioner claims timeliness under § 2255(f)(4), because newly-discovered evidence supporting his claims, described below, was first made available to him in June and August of 2009, just months before he filed the instant petition. (See Docket No. 1-2 at 5-6.) Leaving aside the question of whether he complies with the due-diligence requirement under § 2255(f)(4), we assess whether Petitioner has provided any such evidence.

Petitioner points to two pieces of "newly-discovered evidence" to support his constitutional claims. (Docket No. 1-2.) First, the 2009 mental evaluation showed that he was legally insane when he attempted to kill a correctional officer in 2007. (See Docket No. 1-3 at 2-11.) We fail to see how this supports his claim that he was incompetent to plead guilty in 1995. The 2009 evaluation does not address his mental state in 1995; in fact, it undermines the inference that Petitioner's mental state remains the same over time. (See id.) Petitioner's arguments as to the 2009 evaluation's relevance are unpersuasive.[5] We, thus, find this first piece of evidence immaterial to Petitioner's mental state in 1995, that which underlies each of his constitutional claims.

---

[5] Petitioner states that "both evaluations were conducted at the same medical facility, . . . both evaluations determined that [Petitioner] suffered from schizophrenia, and both reports relied on the same psychological evaluation tool(s)." (Docket No. 1-2 at 12.)

Second, according to Petitioner, the judge in the 2009 case rejected the evaluation finding him competent to stand trial and ordered a reevaluation as to same; this allegedly supports the inference that the 1995 finding that he was competent to stand trial was similarly mistaken. (See, e.g., Docket No. 1-2 at 12.) But such a rejection and reevaluation never occurred. The judge in the 2009 case first ordered an evaluation of Petitioner's competence to stand trial; Petitioner was found incompetent, and the court authorized treatment in order to restore his competency. (Docket No. 1-3 at 14-16.) Then, Petitioner was found competent to stand trial. (Id. at 16.) The following order was not one rejecting that finding and demanding reevaluation but rather a second, separate evaluation as to his mental competence at the time of offense, in order to assess his legal responsibility for same. (Id.) That second evaluation found simply that he was legally insane at the commission of the offense. (Id.; see also id. at 2.)

We, therefore, find that Petitioner has provided no newly-discovered evidence to support his claims for relief under § 2255. His claim is, thus, time barred. We now briefly consider whether this bar may be overcome by his claim of actual innocence.

The First Circuit has not specifically held that a claim of actual innocence may excuse a procedural default under § 2255.[6] Barreto-Barreto v. United States, 551 F.3d 95, 102 (1st Cir. 2008). Assuming it may, Petitioner would have to make a showing of factual innocence. See id. (holding that, to demonstrate actual innocence, a petitioner "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner

---

[6] Petitioner may not obtain relief under § 2255 via a bare claim of actual innocence. See 28 U.S.C. § 2255; cf. Herrera v. Collins, 506 U.S. 390 (1993) ("[A] claim of 'actual innocence' is not itself a constitutional claim but, instead, a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.").

guilty beyond a reasonable doubt" (internal quotation marks omitted) (quoting House v. Bell, 547 U.S. 518, 536-37 (2006))). For the reasons laid out above, we find that the evidence Petitioner submits simply does not support a claim that he was legally insane at the time of the carjacking to which he pleaded guilty in 1995.

We, thus, find Petitioner's claims time barred, and we find no exception allowing us to hear them on their merits.

### IV.
### Conclusion

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this petition, because it is plain from the record that Petitioner is entitled to no relief.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 13th day of April, 2010.

　　　　　　　　　　　　　　　　　　　　S/José Antonio Fusté
　　　　　　　　　　　　　　　　　　　　JOSE ANTONIO FUSTE
　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge